IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| DONNIE GASKINS,<br><br>    Plaintiff,<br><br>v.<br><br>MARVA WHITEHEAD<br>(a.k.a. Marva Van Slate) et al.,<br><br>    Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 1:10-CV-0013 DS<br><br><br>District Judge David Sam |

Plaintiff, Donnie Gaskins, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2012). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 U.S.C.A. § 1915 (2012). Before the Court is Defendants' motion for summary judgment which asserts, *inter alia*, that Plaintiff failed to exhaust all available administrative remedies before filing suit.

## ANALYSIS

### I. Legal Standards

### A. Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before seeking redress in the courts. Specifically, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C.A. § 1997e(a) (West 2012).  The Supreme Court has held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).  Moreover, the Supreme Court has refused to "read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." *Booth v. Churner*, 532 U.S. 731, 741, n. 6, 121 S. Ct. 1819, 1825 (2001).  As explained by the Tenth Circuit, "[t]he statutory exhaustion requirement of § 1997e(a) is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003).  Failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving. *See Jones v. Bock*, 549 U.S. 199, 212, 127 S. Ct. 910, 919 (2007).

Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *before* filing a complaint in federal court.  *See Porter*, 534 U.S. at 524 (citing *Booth*, 532 U.S. at 741).  However, it is well recognized that "a remedy that prison officials prevent a prisoner from utilizing is not an 'available' remedy under § 1997e(a)." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *see also Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002).  Thus, "inmates cannot be held to the exhaustion requirement of the PLRA when prison officials have prevented them from exhausting their administrative remedies." *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002).

## B. Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case." *Cellotex v. Catrett*, 477 U.S. 317, 325 (1986). This burden may be met merely by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case. *Johnson v. City of Bountiful*, 996 F. Supp 1100, 1102 (D. Utah 1998)

Once the moving party satisfies its initial burden "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element." *Id.* Rule 56(e) requires a nonmovant "that would bear the burden of persuasion at trial" to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998). The specific facts put forth by the nonmovant "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." *Thomas v. Wichita Coca-Cola Bottling*, 968 F.2d 1022, 1024 (10th Cir. 1992). Mere allegations and references to the pleadings will not suffice. However, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

The Tenth Circuit has recognized that, given the fact sensitive nature of exhaustion determinations, "a motion for summary judgment limited to the narrow issue of exhaustion and the prisoner's efforts to exhaust is appropriate." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003), *abrogated on other grounds by Jones*, 549 U.S. 199.  When deciding such a limited motion for summary judgement the court applies the same procedures used for other summary judgment determinations.  Thus, the moving party bears the initial burden of showing that there is an absence of evidence to support the plaintiff's contention that he exhausted all available administrative remedies.  Once the moving party has made such a showing, the burden then shifts to the nonmoving party to produce admissible evidence showing that genuine issues of material fact exist precluding summary judgment on the exhaustion question.

## II.  Facts[1]

1. Plaintiff was, during the relevant time of January 2007, a pre-trial detainee and a convicted prisoner incarcerated at Weber County Jail.  Plaintiff's Complaint was filed on February 18, 2010, more than three years after the alleged incident.

2. Plaintiff alleges that on January 9, 2007, Defendants "held [him] down and beat [him] while Defendant [Whitehead] stomped on [his] head . . . ." (Compl. ¶ C1).  Plaintiff's Complaint asserts a single claim of cruel and unusual punishment under the Eighth Amendment based on the alleged use of excessive force.  The Complaint does not assert

---

[1] The facts presented here are drawn directly from Defendants' Memorandum Supporting Motion for Summary Judgment and are not disputed.

       any claims for inadequate medical care. (Compl. ¶ B1).

3. Plaintiff alleges he filed "grievances [at] all levels" following this incident. (Compl. ¶ D2). However, there is no evidence Plaintiff ever filed grievances specifically seeking redress for any alleged use of excessive force.

4. During all relevant times, Chief Kevin Burton was and presently is, the Weber Count Jail Commander. As Jail Commander he is responsible for the overall administration of the Jail. Burton is not, however, involved in the day-to-day activities of receiving and booking prisoners, supervising prisoners in their Jail cells and out of cell activities, or even supervising the Jail Deputies and immediate supervisors who supervise prisoners. Chief Burton is in charge of managing the entire operation, including, but not limited to, medical, budget, personnel, inmate and staff grievances, and the overall operations of the Jail. He directly supervises Jail Lieutenants. (Aff. Burton ¶¶ 1-2).

5. As Jail Commander, it was and still is Chief Burton's job to review all inmate grievance appeals and to prepare a response for the Sheriff's final signature. In this case, he specifically reviewed all issues relating to Plaintiff's claim that he was subjected to cruel and unusual punishment during a use of force incident on January 9, 2007. (Aff. Burton ¶ 3).

6. In performance of his duties as Jail Commander, Chief Burton researched the issues raised by Plaintiff in his various grievances which make mention of the claims alleged in his Complaint. Chief Burton is the custodian of records and has direct computer access to

|     |     |
| --- | --- |
|     | grievance appeal records and is charged with safely keeping these records in the ordinary course of business at the Sheriff's Office. (Aff. Burton ¶ 4). |
| 7.  | Chief Burton is also a custodian of records and has access to all computer records relating to all prisoners incarcerated at the Weber County Jail. In response to this lawsuit Chief Burton reviewed all computer records relating to the incident on January 9, 2007. (Aff. Burton ¶ 5). |
| 8.  | During all times Mr. Gaskins was incarcerated and up through the present, the Jail has had a three-level grievance procedure which allows an inmate to file a grievance regarding any aspect of his conditions of confinement. (Aff. Burton ¶ 6). |
| 9.  | Mr. Gaskins initiated three separate grievances on January 18, 2007. All three of these grievances were appealed up to the final level, however none of them specifically grieved the use of force alleged in Plaintiff's Complaint. (Aff. Burton ¶ 7). |
| 10. | Mr. Gaskins filed a Level I Grievance labeled 07-040.1 on January 18, 2007. This grievance states Gaskins was "beaten by officers," and also that he was not given x-rays and pain medication. Sgt. Karageannes responded to this Level I Grievance on January 18, 2007, by recognizing that Mr. Gaskins had complained to LPN Foster of head paid on January 9, 2007, but had never complained of head pain again after this initial complaint. Sgt. Karageannes requested that Mr. Gaskins be allowed to see a doctor regarding his complaints of head pain. Sgt. Karageannes also stated in her reply that medical staff was giving Mr. Gaskins the appropriate level of pain medication. The issues Mr. Gaskins |

addressed in this Level I grievance were primarily concerned with medical treatment he was receiving, and did not specifically challenge the use of force incident of January 9, 2007. (Aff. Burton ¶ 8).

11. Mr. Gaskins filed a Level II Grievance labeled 07-040.2 on January 23, 2007. The grievance was only concerned with the medical treatment Mr. Gaskins was receiving. Lt. McWilliams responded to this grievance by finding that Mr. Gaskins was receiving proper medical treatment. Additionally, this grievance did not address the use of force incident of January 9, 2007, at all. (Aff. Burton ¶ 9).

12. Mr. Gaskins filed a Level III Grievance labeled 07-040.3 on March 16, 2007. In this grievance Mr. Gaskins complained that his Level I and Level II grievances were not answered. Sheriff Slater responded to this grievance by stating the Level I and Level II responses were appropriate. Mr. Gaskins did not address the use of force incident of January 9, 2007, in his Level III grievance either. (Aff. Burton ¶ 10).

13. Mr. Gaskins's 07-040 grievances did not exhaust his administrative remedies within the Weber County Jail relating to the use of force incident on January 9, 2007. While Mr. Gaskins mentioned the use of force incident of January 9, 2007 in his Level I 07-040 grievance, he is not specifically grieving that incident. Further, he does not mention the incident in his Level II or Level III grievances. (Aff. Burton ¶ 11).

14. Mr. Gaskins filed a Level I Grievance labeled 07-041.1 on January 18, 2007. In this grievance, Mr. Gaskins complained about medical treatment he was receiving at Weber

County Jail. Nurse Holm responded by stating Mr. Gaskins was receiving proper medical care. Additionally, the grievance did not address the use of force incident of January 9, 2007 at all. (Aff. Burton ¶ 12).

15. Mr. Gaskins filed a Level II Grievance labeled 07-041.2 on January 26, 2007. Mr. Gaskins continued to complain about the medical treatment he was receiving. Lt. Whitehead (neé Van Slate) responded by denying Mr. Gaskins's complaint. This Level II grievance did not address the use of force incident of January 9, 2007, either. (Aff. Burton ¶ 13).

16. Mr. Gaskins filed a Level III Grievance labeled 07-041.3 on February 2, 2007. This grievance disputes the finding of his Level II Grievance, and also states Lt. Whitehead should not be responding to grievances because she "stomped" on Mr. Gaskins's head. Mr. Slater responded to this Grievance by stating Mr. Gaskins was receiving proper medical treatment while at Weber County Jail. While this Level III Grievance does mention the use of force incident of January 9, 2007, it does not grieve the incident, or ask for any specific remedy. (Aff. Burton ¶ 14).

17. Mr. Gaskins's 07-041 grievances did not exhaust his administrative remedies within the Weber County Jail relating to the use of force incident on January 9, 2007. While Mr. Gaskins mentioned the use of force incident of January 9, 2007 in his Level III 07-041 grievance, he is not specifically grieving that incident. Further, he does not mention the incident in his Level I or Level II grievances. (Aff. Burton ¶ 15).

18. Mr. Gaskins filed a Level I Grievance labeled 07-042.1 on January 18, 2007.  In this grievance, Mr. Gaskins again complained about medical treatment he was receiving at Weber County Jail.  Nurse Holm responded by stating Mr. Gaskins was receiving proper medical care.  Additionally, the grievance did not address the use of force incident of January 9, 2007 at all.  (Aff. Burton ¶ 16).

19. Mr. Gaskins filed a Level II Grievance labeled 07-042.2 on January 26, 2007.  Mr. Gaskins continued to complain about the medical treatment he was receiving.  Lt. Whitehead (neé Van Slate) denied Mr. Gaskins's complaint.  This Level II grievance did not address the use of force incident of January 9, 2007 either.  (Aff. Burton ¶ 17).  Mr. Gaskins filed a Level III Grievance labeled 07-042.3 on February 2, 2007.  This grievance disputed the finding of his Level II Grievance, and also states Lt. Whitehead should not be responding to grievances because she "stomped" on Mr. Gaskins's head.  Sheriff Slater responded to this Grievance by stating Mr. Gaskins has been receiving proper medical treatment while at Weber County Jail.  Finally, this Level III does mention the use of force incident of January 9, 2007, it is not grieve the incident, or ask for any specific remedy.  (Aff. Burton ¶ 18).

20. Mr. Gaskins's 07-042 grievances did not exhaust his administrative remedies within the Weber County Jail relating to the use of force incident on January 9, 2007.  While Mr. Gaskins mentioned the use of force incident of January 9, 2007 in his Level III 07-042 grievance, he is not specifically grieving that incident.  Further, he does not mention the

       incident in his Level I or Level II grievances.  (Aff. Burton ¶ 19).

21.      Mr. Gaskins filed several grievances during this time within the Weber County Jail. Some do make passing reference to the use of force incident of January 9, 2007. However, none of the grievances specifically grieve the incident.  (Aff. Burton ¶ 20).

### III.  Defendants' Motion for Summary Judgment

Defendants have presented ample evidence to support the conclusion that Plaintiff failed to exhaust his excessive force claim through the Jail grievance process before filing this suit. The record shows that although Plaintiff filed several grievances regarding the medical treatment he received following the incident, he never challenged the use of force itself.  Specifically, Plaintiff initiated three separate grievances on January 18, 2007.  (Aff. Burton ¶ 7).  Level I of grievance number 07-040 mentioned the use of force incident but did not specifically grieve the incident or seek relief against any of the Defendants.  (Aff. Burton ¶ 11).  Level II and Level III of Grievance 07-040 did not mention the use of force incident at all.  (Aff. Burton ¶ 11).  Level I and Level II of Grievance 07-041 do not mention the use of force incident at all.  (Aff. Burton ¶ 15).  Level III of Grievance 07-041 does refer to the incident, but it is not the subject of the grievance and it was not asserted as a claim and no remedy for a physical assault was ever requested.  (Aff. Burton ¶ 15).  Level I and Level II of Grievance 07-042 do not mention the use of force incident at all.  (Aff. Burton ¶ 15).  Finally, Level III of Grievance 07-042 does mention the incident, but it is not the subject of the grievance and no remedy was requested.  (Aff. Burton ¶ 19).  Thus, Defendants have successfully shifted to Plaintiff the burden of producing admissible

evidence showing a genuine issue of material fact as to whether he fully exhausted his claim.

Plaintiff has not met his burden. Although Plaintiff did not file a formal opposition memorandum to Defendants' summary judgment motion, Plaintiff did respond with a two-page cross-motion for summary judgment. (Doc. no. 42.) Plaintiff's motion is not supported by any evidence and merely restates his version of the incident and makes the bald assertion that his allegations support an Eighth Amendment claim. Nowhere does Plaintiff specifically address Defendants' assertion that Plaintiff failed to exhaust his excessive force claim. In fact, from Plaintiff's lack of response it would appear that he has essentially conceded this argument. Thus, the Court concludes that Plaintiff has not shown a genuine issue of material fact on the exhaustion issue and Defendants are entitled to summary judgment under the PLRA.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Defendants' Motion for Summary Judgment (Doc. no. 40) is **GRANTED**,

(2) Plaintiff's Motion for Summary Judgment (Doc. no. 42) is **DENIED**; and,

(3) this case is **CLOSED**.

    Dated this 14th day of August, 2012.

        BY THE COURT:

_/s/ David Sam_

DAVID SAM
United States District Judge